871 F.2d 1096
 10 U.S.P.Q.2d 2036
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BENCHCRAFT, INC., Riverside Furniture Corp., and Hickory
Hill Furniture Co., a/k/a Crestline Furniture Co.,
Plaintiffs-Appellees,
v.
BROYHILL FURNITURE INDUSTRIES, INC., Defendant-Appellant.
 No. 88-1345.
 United States Court of Appeals, Federal Circuit.
 March 8, 1989.
 
 Before FRIEDMAN, Circuit Judge, NICHOLS, Senior Circuit Judge, and NIES, Circuit Judge.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The declaratory judgment of the United States District Court for the Northern District of Mississippi that U.S. Design Patent No. 274,485 ('485 patent) is unenforceable because the patentee had engaged in inequitable conduct during the prosecution of the patent application is vacated, and the case is remanded to the district court for further proceedings in accordance with our opinion.
 
 OPINION
 
 2
 After a lengthy bench trial, the district court held that the appellant, Broyhill Furniture Industries, Inc. (Broyhill), had engaged in inequitable conduct by failing to disclose to the Patent and Trademark Office two items that the court described as "highly material prior art." BenchCraft, Inc. v. Broyhill Furniture Indus., Inc., 681 F.Supp. 1190, 1219, 7 USPQ2d 1257, 1279 (N.D.Miss.1988). These items were (1) photographs that Gunter, the president of Broyhill, had taken of a sofa he saw at a London furniture store, and upon which the designer relied in making the design claimed in the '485 patent, and (2) a sofa made by a competitor of Broyhill, the BenchCraft 4540. The court further ruled that Broyhill's "failure to disclose this prior art either to Fitzpatrick [the patent attorney who prosecuted the application for the '485 patent] or to the PTO leads the court to conclude that the plaintiffs have proven an intent to mislead the PTO." Id. at 1210, 7 USPQ2d at 1272.
 
 
 3
 It is unclear whether the district court's finding of intent was (a) an inference the court drew from its conclusion that Broyhill and its personnel were grossly negligent in failing to disclose the Gunter photographs and the BenchCraft 4540 sofa or, (b) an independent conclusion based upon the evidence of intent in the record.
 
 
 4
 The court twice stated that "gross negligence is sufficient" to show intent. Id. at 1209, 1219, 7 USPQ2d at 1271, 1280. The court further stated that "Broyhill's conduct exhibits gross negligence, if not a deliberate course of conduct indicating an intent to mislead the PTO or to conceal relevant information," and that Fitzpatrick was "grossly negligent in failing to discuss with [Broyhill personnel] their knowledge of relevant prior art." Id. at 1209, 7 USPQ2d at 1272.
 
 
 5
 In a recent decision, rendered after the district court's decision in this case, this court held in banc that
 
 
 6
 a finding that particular conduct amounts to "gross negligence" does not of itself justify an inference of intent to deceive; the involved conduct, viewed in light of all the evidence, including evidence indicative of good faith, must indicate sufficient culpability to require a finding of intent to deceive.
 
 
 7
 Kingsdown Medical Consultants, Ltd. v. Hollister, Inc., 863 F.2d 867, 876, 9 USPQ2d 1384, 1392 (Fed.Cir.1988).
 
 
 8
 In light of Kingsdown, the judgment of the district court must be vacated and the case remanded for the court to reconsider its finding of intent.
 
 COSTS
 
 9
 No costs.